CONNER, J.,
concurring in part and dissenting in part.
I concur with the majority in its determination that the mother is entitled to an expedited shelter hearing with appropriate notice and opportunity to be heard on the issue of probable cause and placement of the child. I respectfully dissent from the majority’s conclusion that the family court judge conducted a shelter hearing and entered a shelter order.
The majority analyzes the order under review as a shelter order issued pursuant to section 39.402, Florida Statutes. I view the order as an order to take the child into custody pursuant to section 39.401, Florida Statutes. I concede the printed form order used by the family court judge has language which gives the appearance of a shelter order, and during the hearing the family court judge made statements to the effect she was entering a shelter order. However, the handwritten interlineations on the printed form and the oral pronouncements of the family court judge as she entered the order make it clear the family court judge did not consider herself as conducting a shelter hearing. Her oral pronouncements indicate she viewed herself as entering a temporary emergency pick up order for the protection of a child.[2]
It is axiomatic that a shelter order is to be entered after a shelter hearing. The majority correctly cites the law in Florida that during shelter hearings judges must give parents an opportunity to contest the probable cause determination and to be heard on the issue of placement of the child. In this case, the mother has not been given an opportunity to be heard at a shelter hearing, and that error needs to be remedied as soon as practical.[3]
As I perceive it, the family court judge heard testimony during a hearing that caused her to conclude there was probable cause to believe a child was being abused or neglected by a parent engaging in severe parental alienation behavior. Sworn testimony came from a protective services investigator for the Department of Children and Families and from a court-appointed guardian ad litem for the child. The family court judge concluded that *173 family court was not the appropriate forum to address the need to protect the child and that dependency court was the more appropriate forum. The family court judge was concerned that the Department did not take appropriate steps to protect the child by initiating a dependency proceeding, so she decided sua sponte to initiate such a proceeding by issuing an order to take the child into custody.
Section 39.01(68), Florida Statutes (2011), defines “shelter” as “placement with a relative or a nonrelative, or in a licensed home or facility ...” (Emphasis added.) Section 39.402(1), Florida Statutes (2011) states:
Unless ordered by the court under this chapter, a child taken into custody shall not be placed in a shelter prior to a court hearing unless there is probable cause to believe that:

(a) the child has been abused, neglected, or abandoned, or is suffering from or is in imminent danger of illness or injury as a result of abuse, neglect, or abandonment.

(Emphasis added.) This statute specifically authorizes, in appropriate situations, a court to place a child in shelter (with a parent) prior to affording a court hearing to the other parent. Section 39.402(2) further provides:
A child taken into custody may be placed or continued in a shelter only if one or more of the criteria in subsection (1) applies and the court has made a specific finding of fact regarding the necessity for removal of the child from the home and has made a determination that the provision of appropriate and available services will not eliminate the need for placement.
(Emphasis added.) The family court judge’s order in this case complies with these statutory provisions.
Section 39.401, Florida Statutes deals with taking a child into custody. Subsection (1) addresses the circumstances that must exist to take a child into custody. Subsection (1) provides, “A child may only be taken into custody: (a) Pursuant to the provisions of this part, based upon sworn testimony, either before or after a petition is filed.” Thus, the statute authorizes a judge to issue an order to take a child into custody based on sworn testimony, rather than an affidavit or petition. I read the statute to mean that during a hearing judges can sua sponte issue orders to take into custody and place children believed to be dependent and in need of protection into a shelter (with a parent). Consistent with the statute, Rule 8.300, Florida Rules of Juvenile Procedure, deals with taking a dependent child into custody. Subdivision (a) of the rule addresses taking a child into custody based on an affidavit or verified petition. Subdivision (b) addresses taking a child into custody by court order and provides, “The court may issue an order to take a child into custody based on sworn testimony meeting the criteria in subdivision (a).” Rule 8.300(c) outlines the legal requirements for an order to take into custody. It appears the family court judge’s order meets all of the requirements of the rule.
Once a child is placed in shelter (with a parent), section 39.402(8)(a) requires a shelter hearing within 24 hours. Sections 39.402(3), (5), and (8) and rule 8.305 set forth all the notices and rights to a hearing for a parent affected by the order to take in custody. Because the mother was not given the proper notices and the opportunity to be heard at a shelter hearing, she must now be afforded the opportunity to contest the placement of the child with the father as soon as practical. As the majority points out, that includes the right to contest the probable cause determination.
*174 The law grants parents the due process right to participate in a shelter hearing after an order to take into custody has been issued. I find nothing in the law that gives parents a due process right to participate in the decision of a trial judge to issue an order to take a child into custody pursuant to section 39.401, Florida Statutes, even if that decision occurs during a hearing with the parents present.
As the majority points out, a hearing on the father’s emergency motion was set to last for two hours and the family court judge terminated the hearing after twenty-five minutes without affording the mother the opportunity to present anything. Facially that may appear to be procedurally problematic given that there was another hour and a half of hearing time available. Arguably speaking, family court judges need to be prepared to occasionally conduct dependency proceedings, and the judge in this case had the time to conduct a full shelter hearing. However, the Department of Children and Families is typically involved as a party in dependency proceedings, and the judge in this case felt the Department should be involved. The Department’s representative at the hearing indicated that if the judge entered the order to take into custody, the Department would probably file a dependency action. It seems likely the judge decided she could not proceed with a shelter hearing because a lawyer for the Department was not present.
I would grant the petition and order the trial court to conduct a proper shelter hearing within two working days from the issuance of our mandate, but I would not construe the order under review as a shelter order.

. This case points out a common problem: when judges do not regularly sit in dependency proceedings they sometimes forget the technical difference between an order to take into custody and a shelter order.

. As the majority points out, the mother was not given proper notice of the date, time, and place of the shelter hearing which the family court judge contemplated when she issued the order to take the child into custody. The failure to give proper notice of the shelter hearing may have occurred from the combination of two circumstances: the Department of Children and Families did not seek the order to take into custody, and the venue for the dependency proceeding was an adjoining county. Although the Department was not a party to the proceedings at the time the order was entered, sections 39.402(3) and (5)(a), Florida Statutes, require the Department to notify the parents of their rights and the date, time, and location of the shelter hearing.